# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JASON DWAYNE WATSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:17-CR-00004-DAK<br><br>Judge Dale A. Kimball |

In February 2017, the United States of America (the "Government") charged Defendant with securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5. Pursuant to a plea agreement, Defendant pleaded guilty to a single count. On September 20, 2017, the court sentenced Defendant to thirty-three months imprisonment and thirty-six months of supervised release; imposed a special assessment of $100.00; and ordered Defendant to pay $3,356,814.85 in restitution. At this point in time, Defendant has served approximately twenty-one months of his sentence.

On August 19, 2019, Defendant filed a motion to modify is sentence[1] wherein he asked the court to enter a judicial recommendation that he be placed in a residential re-entry center/halfway house ("RRC") for the remainder of his term of imprisonment and that he serve in home confinement for a portion of his sentence. On August 22, 2019, the court ordered the Government to respond to Defendant's Motion. On August 26, 2019, the Government filed its response.

---

[1] Defendant's Motion was titled: "Motion for Judicial Recommendation Concerning Length of Residential Re-Entry Center/Halfway House Placement or Home Confinement."

**DISCUSSION**

18 U.S.C. § 3624(c)(1) provides:

> The Director of the Bureau of Prisons ["BOP"] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

"In deciding such placement, the BOP considers a variety of factors, including 'any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate.'" *Carter v. United States*, No. 14-CR-150, 2018 WL 2376513, at *1 (E.D. Wis. May 24, 2018) (citing 18 U.S.C. § 3621(b)(4)(B)). While "[c]ourts regularly make recommendations regarding prison placement and programming at the time of sentencing," it is "unclear whether the district court has similar authority when acting on a prisoner's post-sentencing motion." *Id.* at *2. Indeed, there appears to be split among federal district courts on this issue. *See id.* (collecting cases). Nevertheless, the majority position establishes that "while the court may not modify the original judgment or otherwise order the BOP to grant pre-release time in response to a defendant's post-sentencing motion, it may issue a non-binding recommendation." *Id.* at *3. Importantly, this non-binding recommendation does not run "afoul of the limitations on sentence modification contained in 18 U.S.C. § 3582 and Federal Rules of Criminal Procedure 35 and 36." *United States v. Hoffman*, No. 2:15-CR-00234-JAM-1, 2018 WL 6634378, at *2 (E.D. Cal. Dec. 19, 2018).

While the court agrees with the majority position outlined above, it will refrain from making such a recommendation in this case. Nearly two years have passed since the court sentenced Defendant. Despite Defendant's statements regarding his positive activities during his time in federal custody, the court is not in a proper position to gauge Defendant's behavior while

incarcerated; the BOP is in a much better position to make such a determination.  Therefore, the court will defer to the BOP and refrain from making a recommendation in this case.

## CONCLUSION

Based on the foregoing analysis, Defendant's Motion is DENIED.

DATED this 3rd day of September, 2019.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge