# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JASON DWAYNE WATSON,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:17-CR-00004-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion for Rule 35 Sentence Modification. Defendant previously moved to have his sentence modified by allowing him to be placed in a residential re-entry center/halfway house for the remainder of his term of imprisonment, but the court denied that motion. Defendant now moves a second time for his sentence to be altered, but on this occasion he does so on alternate grounds. Defendant contends that after he agreed to plead guilty, the United States of America (the "Government") offered him a possible future sentence reduction pursuant to Rule 35 of the Federal Rules of Criminal Procedure for his cooperation. Defendant claims that he has never been informed of the result of his Rule 35 cooperation agreement. To that end, Defendant avers that he has cooperated with the Government's requests in every respect and therefore seeks a small sentence reduction at this time.

In response to Defendant's motion, the Government explained that it would not be filing a motion for a reduction in Defendant's sentence pursuant to Rule 35. Furthermore, the Government opined that given the number of victims and the amount of money involved in

Defendant's fraud, he received an extremely lenient sentence. The Defendant's lenient sentence was based, in part, on Defendant's cooperation with the Government's investigation. Finally, the Government points to the cooperation agreement that Defendant signed as a part of his plea. The cooperation agreement acknowledges that "whether the government makes a recommendation for a reduction under Rule 35(b) is within the sole discretion of the government." Accordingly, the Government requests that the court deny Defendant's motion.

The court determines that Defendant's motion should be denied for two reasons. First, for a defendant to be eligible for a sentence reduction under Rule 35, "the Government must be the moving party." *United States v. Stine*, No. 13-CR-00491-CMA, 2017 WL 6033700, at *3 (D. Colo. Oct. 6, 2017), *certificate of appealability denied*, 719 F. App'x 834 (10th Cir. 2018), *cert. denied*, 138 S. Ct. 1311, 200 L. Ed. 2d 492 (2018); *see also* Fed. R. Crim. P. 35(b)(1) ("Upon the government's motion . . . the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."). Here, not only is Defendant the party that has moved for a Rule 35 reduction, but the Government has explicitly stated that it will not be doing so. Based on these facts, the court concludes that Defendant is not entitled to a sentence reduction under Rule 35.

Second, Defendant already received a rather lenient sentence, well below the recommended sentencing guideline range. As such, Defendant has already benefitted from his cooperation with the Government and its investigation and so is not entitled to any further reduction under Rule 35.

Based on the foregoing reasoning, Defendant's Motion for Rule 35 Sentence Modification is hereby DENIED.

Dated this 23rd day of October, 2019.

BY THE COURT:

/s/ Dale A. Kimball
DALE A. KIMBALL,
United States District Judge